ABSALOM DREW *vs.* INHABITANTS OF WESTFIELD.

Hampden. Sept. 26, 1877. — June 27, 1878. ENDICOTT & LORD, JJ., absent.

If the waters of a stream are discharged through an artificial culvert under a highway, and the culvert is closed by the town authorities in repairing the highway, the owner of a mill on the stream cannot maintain an action of tort against the town for an injury occasioned to his property thereby, in the absence of evidence that he had acquired any right in the culvert by prescription or contract, if the closing of the culvert was a proper and suitable means of repairing the highway.

TORT for injuries to the plaintiff's mill property by the alleged negligent acts of the defendant.

At the trial in the Superior Court, before *Brigham*, C. J., the evidence tended to show that in January, 1874, there was in that part of Westfield called Little River a certain highway which had existed from time immemorial, and had for the same period served in part as a dam for the pond, by the waters of which the plaintiff's mills were operated ; that up to January, 1870, the highway had been solidly constructed, and without any culvert or waterway, except under a bridge which formed part of said highway ; that the water of the pond, at times of freshets, had sometimes flowed over the highway at a depression therein, and sometimes occasioned serious damage to the highway ; that in January, 1870, a culvert was placed in the highway, under the supervision of the then selectmen of the defendant town, so arranged that by raising the gate thereof the water would run from the pond ; and that at this time the mill property was owned by one Stebbins. There was contradictory evidence as to how, and for what purpose and by whom the culvert was put in, whether by Stebbins, by the selectmen without authority, or by the defendant, and by whom it was to be maintained, or whether it was to be maintained by any one. There

was evidence tending to show that the use of the culvert had been abandoned before the plaintiff bought the mill property, and that it was practically useless; but there was also evidence tending to show that the culvert was used after the sale of the mill property, and that the gate was raised at the time the culvert was closed in January, 1874, though at no time for the purposes of relieving dam or mills from the water to prevent injury thereto.

It was admitted or proved that in June, 1873, after the death of Stebbins, the mill property was duly sold by auction by his administratrix; that the plaintiff bid off the same, and went into possession thereof immediately, but no deeds of conveyance were made until March 28, 1874, when one was made in the usual form of an administrator's deed, reciting the sale in June, 1873, by leave of the Probate Court, which deed was put in evidence; and that prior to the auction sale the plaintiff had no interest of any kind in the mill property.

There was evidence tending to show that in January, 1874, the highway at the culvert was out of repair, by reason of the water from the pond forcing its way under and at the sides of the culvert, and the defendant made repairs thereon, and, in making such repairs, and as part thereof, closed the culvert, so that thereafter it was not capable of being used; that all these acts were proper and suitable for the repair and preservation of the highway, and that the defendant did the same in good faith, but without reference to their probable effects, if any, upon the dam and mills of the plaintiff; and that in March, 1876, a sudden rise in the water of the pond, not caused by any unusual freshet, carried off the plaintiff's saw and shingle mills and a portion of his dam. The evidence was contradictory as to what the condition of the highway was at the time the culvert was put in, whether it was raised, lowered, or left at the same height as before; but no change was made in it from that time to the time of closing the culvert, nor thereafter to the time the mills were carried off.

It was admitted or proved that there had never been occasion to use the culvert to relieve the pond so as to prevent injury to the plaintiff's mills, nor had it been so used from the time it was built until the mills were carried off.

The judge ruled, without objection by the defendant, that the only acts of the defendant which in any event could render it liable in this action were the acts of repair in January, 1874.

The defendant asked the judge to rule as follows : " 1. The plaintiff cannot maintain an action for the value of the mills and dam, inasmuch as he had not the legal title to the mill property at the time of the acts complained of in January, 1874. 2. If the defendant did any acts in January, 1874, for the purpose of repairing and making safe the highway from the encroachments of water, and such acts were proper means, adapted to that end, and the plaintiff suffered damage thereby, he cannot recover."

The judge declined so to rule, and instructed the jury as follows : " If the defendant, by its selectmen, did any acts in the repair and improvement of its highway, which, in relation to the existing condition of the highway theretofore, caused water to flow to the plaintiff's mill in quantity and force in excess of any previous and the accustomed flow of water there, and thus caused an injury to the plaintiff's mill, the defendant would be responsible for that injury. If a culvert under such highway in January, 1874, was closed by the defendant, and so closed that water, which had theretofore flowed through such culvert and relieved the pond from which water was conducted to the plaintiff's mill, so that there was no injury therefrom to such mill, and by the unreasonable and improper acts of the defendant, in disregard of the plaintiff's interest, such culvert was closed, and caused, in March, 1876, an injury to the plaintiff's mill, the plaintiff may recover for such injury, whatever may have been the conditions or circumstances under which such culvert was originally constructed and had been maintained. The burden of proof is upon the plaintiff to prove that the closing of the culvert in January, 1874, was the direct cause of the injury in March, 1876."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*H. B. Stevens*, for the defendant.

*M. B. Whitney*, for the plaintiff.

GRAY, C. J. The culvert was an artificial and not a natural watercourse, and it does not appear that the plaintiff had acquired any right therein by prescription or contract. The in-

structions given to the jury, which allowed the plaintiff to main tain this action of tort, not because of any raising or alteration of the highway at the time of putting in the culvert in 1870, but solely for the act of closing the culvert in repairing the highway in 1874, and without regard to the question whether this was a proper and suitable means of repairing the highway, were erroneous. There is no occasion to consider whether the plaintiff, in any aspect of the case, could have maintained a claim for damages under the Gen. Sts. c. 44, § 19.

*Exceptions sustained.*